**STATE, ex rel. HOLMES, Plaintiff-Relator, v. LAUDERBAUGH et, Defendant-Respondent.**

Ohio Appeals, Tenth District, Franklin County.

No. 5580.   Decided March 29, 1957.

Holmes, Holmes & Holmes, Columbus, for plaintiff-relator.
Samuel L. Devine, Pros. Atty., Ralph H. Heller, Asst. Pros. Atty., Columbus, for defendant-respondent.

(HORNBECK, PJ, of the Second District; DEEDS and FESS, JJ, of the Sixth District, sitting by designation in the Tenth District.)

## OPINION

By HORNBECK, PJ.

Relator seeks a writ of mandamus against defendant Board requiring it to certify a petition of electors to the Board of Elections of Franklin County, Ohio, "so that the question of rezoning may be placed on the ballot for the rural area of Prairie Township at the next general election."

The facts developed by stipulation are that on or about March 27, 1956, the respondent Board of County Commissioners approved an application in case No. 417, Prairie Township, Franklin County, Ohio, for a change of zoning from a residential and agricultural district to a general commercial district; that thereafter, Mr. Holmes, as an individual adversely affected, appealed this decision of the County Commissioners to the Common Pleas Court of Franklin County. Thereafter, on or about July 3. 1956, a petition was filed with respondent requesting the Board to submit the question whether or not the amendment adopted March 27, 1956, changing the zone from residential and agricultural to general commercial district, be submitted for approval or rejection to the electors of the territory affected, at the next general election. This petition was in proper form and contained the requisite number of signers to require the submission of the amendment to the electors in the district affected.

On September 7, 1956, respondent Board by formal resolution rescinded its resolution to submit to election the question of the approval or rejection of the amended zoning regulation.

Respondent Board, in its original answer, states as a reason for its rescission resolution of July 3, 1956, that, inasmuch as Mr. Holmes, an individual adversely affected by the change in the zoning regulation, had filed an appeal therefrom, the voters in the territory affected could not also have the right to have the resolution presented for approval or rejection at an election; that the two remedies are not concurrent. Counsel for the Board in his oral presentation to this Court did not urge that the defense set up in the answer was sound upon the claim that the right of an election was barred by reason of Mr. Holmes' appeal as an individual adversely affected. However, counsel for respondent insists that mandamus will not lie because relator has an adequate remedy at law in the right of appeal which is accorded by the statute, §303.12 R. C.

This section reads:

"Amendments or supplements to the zoning resolution may be made as provided by §§303.01 to 303.11, inclusive, R. C., except that they may be made without submitting them to a vote of the electors, unless within thirty days after the adoption of the amendment or supplement there is presented to the board of county commissioners a petition, signed by a number of qualified voters residing in the unincorporated area of the township or part thereof included in the zoning plan and affected by the amendment or supplement equal to not less than eight per cent of the total vote cast for all candidates for governor in such area at the last preceding general election at which a governor was elected, re-

questing the board to submit the amendment or supplement to the electors of such area, for approval or rejection, at the next primary or general election. Any person adversely affected by an order of the board adopting, amending, or rescinding a regulation may appeal to the court of common pleas of such county on the ground that the board failed to comply with the law in adopting, amending, rescinding, publishing, or distributing such regulation, or that the regulation, as adopted or amended by the board is unreasonable or unlawful, or that the revision of the regulation was unreasonable or unlawful."

It is indeed doubtful if the amendment to the zoning resolution of March 27, 1956, could become effective until after thirty days after the adoption of the amendment. The statute provides that amendments or supplements may be made without submitting them to a vote of the electors only if no petition for an election is filed within thirty days after the adoption of the amendment. It would seem that the effective date of the amendment to the zoning resolution would be held in abeyance at least for thirty days after its adoption and if petition filed for election, then until after the result of the election was certified. If in the election the amendment as proposed was defeated, it never would become effective. However, assuming that Mr. Holmes, as an individual adversely affected by the resolution had the right to appeal when he did, was that merely an alternative remedy of testing the validity of the amendment? We think not.

The statute provides two different methods of testing the amendment to the zoning resolution. First, that which was adopted by Mr. Holmes as an individual adversely affected, by appeal. Second, by a petition for election proper in form and signed by the requisite number of qualified voters as provided in the statute. An appellant adversely affected by an order of the Board adopting an amendment to the zoning resolution could maintain his contention on appeal only if he established that the action of the Board was unreasonable or unlawful. On the other hand, the petitioners upon election, had the right to have the question as to the acceptance or rejection of the amendment submittd to a vote without respect to the reasonableness or the lawfulness of the amendment. The vote at the election might defeat the amendment while the appellant in his appeal might fail.

But the question presented here is whether or not relator is given the right to appeal from the resolution of the Commissioners rescinding their former order granting an election on the petition. The resolution of the Board which is in issue in this action is that which rescinded the order of election. That resolution did not in any sense pertain to the amendment to the zoning resolution and does not come within the scope of the subject matter of §303.12 R. C. No right of appeal is accorded relator by this statute.

Our first impression was that there might be an appeal from the rescission resolution under §307.56 R. C., which provides:

"A person aggrieved by the decision of the board of county commissioners in any case, may appeal within fifteen days to the court of common pleas, notifying the board of such appeal at least ten days before the time of trial. The notice shall be in writing, and delivered person-

ally to the board, or left with the county auditor. At its next session, the court shall hear and determine the appeal, which decision shall be final."

The language of this section is very broad and the judgment on appeal contemplated thereby would be promptly entered. If this right of appeal was available to the relator, he would have an adequate remedy at law. However, our Supreme Court has construed this statute and has held that no appeal lies if the Board in its action is performing an administrative or governmental function. **Bowersox v. Seneca County, 20 Oh St 496; Commissioners of Noble County v. Hunt, 33 Oh St 169; Southard v. Stephens, Treas. et al., 27 Oh St 649.** Other decisions have restricted the right of appeal to those cases in which the Board of Commissioners is required to exercise a judicial function. **11 O. Jur. 594,** citing Southard v. Stephens, supra, **Bring v. Hollis, 4 Oh Ap 45;** Christ v. Eirich, 13 O. N. P. (N. S.) 457.

The action contemplated to be taken by the County Commissioners upon the filing of a petition under §303.12 R. C., is purely administrative. The Board's obligation is only to satisfy itself that the petition is in proper form and that it contains the requisite number of signatures. Having so found, its duty is clear.

In Commissioners of Noble County v. Hunt, supra, in the first syllabus, it is said:

"In cases where specific duty is enjoined by law upon the board of county commissioners to be performed in a specific manner not involving judicial discretion, and when performance by the board is due, it refuses to act, it may be compelled to do so by mandamus."

The facts in this case come strictly within the subject matter of this syllabus. The duty of the Commissioners upon the filing of the petition which was in proper form and contained the requisite number of signatures was to act as directed by the statute. The rescission resolution was out of order and without effect.

The writ of mandamus will be allowed as prayed. The literal terms of the statute, §303.12 R. C., that the question set forth in the petition be submitted for approval or rejection at the next primary or general election cannot now be observed. The order will be that the writ issue and that the Board be directed to submit the amendment to the electors of the area involved for approval or rejection at the next primary or general election succeeding the entry journalizing this opinion.
It will be so ordered.

DEEDS and FESS, JJ, concur.